UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 16-CR-80065-MIDDLEBROOKS

UNITED STATES OF AMERICA,

v.

NATHAN DANFORTH,

Defendant.
_____/

FILED by _____ D.C.

JUN 23 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S COMPETENCY

**THIS CAUSE** came before the Court following a competency hearing regarding the competency of Defendant, Nathan Danforth ("Defendant"). For the reasons given below, the undersigned respectfully **RECOMMENDS** that Defendant be found incompetent to stand trial.

## I. BACKGROUND

On March 4, 2016, Defendant filed a Motion for Mental Evaluation pursuant to 18 U.S.C. § 4241(a) and 4244. *See* DE 10. The Government agreed with Defendant's Motion. Also on March 4, 2016, the Court entered an Order [DE 11] granting Defendant's Motion for Mental Evaluation.

Defendant was examined by Dr. Lisa B. Feldman, a Forensic Psychologist employed by the Federal Bureau of Prisons, who evaluated Defendant to determine his competency to stand trial. Dr. Feldman memorialized her findings and recommendations in a report submitted to the Court and the parties. A copy of Dr. Feldman's report is being filed under seal as Exhibit 1 to this Report and Recommendation.

## II. LEGAL STANDARDS

Section 4241, entitled "Determination of mental competency to stand trial to undergo postrelease proceedings," states, in pertinent part:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).

## III. ANALYSIS

The undersigned held a hearing on June 15, 2016, on the issue of competency pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). Present at the hearing were AUSA William Zloch, Defendant, Nathan Danforth, and his counsel, James L. Eisenberg, Esq. At the hearing, Defense counsel and the Government stated that they had no objections to Dr. Feldman's report. Both Mr. Zloch and Mr. Eisenberg stipulated to the contents and conclusions of the forensic evaluation as it relates to Defendant's competency to stand trial. Both parties agreed that Defendant was incompetent to proceed and that Defendant should be placed in the Federal Bureau of Prisons for treatment. Defendant's counsel stated that Defendant had previously been placed at Federal Medical Center ("FMC") in Devens, Massachusetts. Therefore, Defendant requested that the Court recommend to the Federal Bureau of Prisons that Defendant be placed back at FMC Devens for his treatment.

The Court has carefully reviewed Dr. Feldman's report. Based on Dr. Feldman's evaluation and the parties' stipulation and agreement that Defendant is incompetent to proceed, this Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in

his defense.

Pursuant to the agreement of the parties, the findings of the Court, and 18 U.S.C. § 4241(d), it is respectfully **RECOMMENDED**:

1. Defendant be committed to the custody and care of the Attorney General to be hospitalized for treatment in a suitable facility for such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. The Court recommends that Defendant be placed at the Federal Medical Facility in Devens, Massachusetts;

2. The statutory time period provided in 18 U.S.C. § 4241(d)(1) shall not commence until the day Defendant arrives at the facility for evaluation and treatment;

3. At any time during, but no later than fifteen (15) days after the expiration of the four-month evaluation and treatment period,

    a. If the director of the facility in which Defendant is hospitalized, pursuant to this order, needs an additional reasonable period of time for Defendant's mental condition to improve, the director shall submit a request and report to this Court, with copies to counsel of record, supporting a finding that there is a substantial probability that within such additional period of time Defendant will attain the capacity to permit the proceedings to go forward; <u>or</u>

    b. if the director of the facility in which Defendant is hospitalized, pursuant to this order, determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to

that effect with the Clerk of the United States District Court for the Southern District of Florida. The clerk shall send a copy of the certificate to Defendant's counsel and to the attorney for the Government. This Court shall hold a hearing, pursuant to the provisions of Section 4247(d), to determine the competency of Defendant.

4. If Defendant's mental condition has not sufficiently improved by the end of Section 4241(d)'s observation period, then the director of the facility in which Defendant is held, consistent with the provisions of 18 U.S.C. § 4246(a), must decide whether he suffers from "a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."

**IT IS FURTHER RECOMMENDED** that the period of time between the filing of the indictment and any subsequent judicial proceeding to determine the mental competency of Defendant shall be deemed excludable under the Speedy Trial Act. This Court finds that the ends of justice served by taking such action outweigh the best interest in the public and the defendant in a speedy trial.

<u>**NOTICE OF RIGHT TO OBJECT**</u>

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Donald M. Middlebrooks within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C).

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 23rd day of June, 2016.

/s/ William Matthewman
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

Cc: William T. Zloch, AUSA
James L. Eisenberg, Esq.
USMS (2 certified copies)